IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>vs.<br><br>**TIFFANY WHITE,** *et al.*,<br><br>    Defendants. | No. 12-CR-0413-MV |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Tiffany White's Motion for Discovery [Doc. 163]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and therefore will be **DENIED.**

## BACKGROUND

The Court need not wade into the factual mire of this three-year prosecution to resolve the instant Motion. Rather, it is sufficient to state that on July 30, 2015, Defendant Tiffany White filed a Motion for Discovery enumerating eleven (11) categories of materials that "the Defense still lacks" after conferring with the government. *See* Doc. 163 at 1.

## DISCUSSION

As an initial matter, the Court notes that Defendant has failed to comply with local rule 47.1, which requires that the "Movant must determine whether a

1

motion is opposed. Movant must recite in the motion whether concurrence was refused or explain why concurrence could not be obtained." D.N.M.LR-Crim.47.1. Instead, Defendant merely states that "a copy was provided to the Government" before the Motion was submitted and that "counsel will file a status report upon his review and informing counsel of the Government's position." Doc. 163 at 1. Defendant's efforts are plainly insufficient under the local rule and are symptomatic of a broader disregard for this Court's rules and orders.

Not one of Defendant's eleven (11) discovery requests complies with the applicable local rule (D.N.M.LR-Crim.16) and the discovery order in this case [Doc. 117]. The local rule mandates that the parties abide by the Standard Discovery Order, which Magistrate Judge Scott entered in this case on September 5, 2013. *See generally* Doc. 117. The Order, in turn, states that "[i]f a party contends that the opposing party has not provided the material required to be produced by this Order [including *Brady* and Rule 16 evidence], that party may petition this Court for its disclosure only after a specific request for production has been denied by the opposing party." *Id.* ¶ 8. "However," the Order continues, "the Court will deny any such petition unless the party seeking production complies with" two sets of requirements. *Id.* First, the party must identify "with specificity the evidence required to be disclosed and the paragraph of this Order authorizing its production." *Id.* ¶ 8(A). Second, the party must identify the "Assistant U.S. Attorney or the individual defense counsel to whom a specific request for disclosure was made, the date such disclosure was denied and the proffered reason for denial." *Id.* ¶ 8(B).

Here, White has not complied with either set of prerequisites, such that her request must be denied. First, the Motion contains not one citation to the Court's Order, let alone the orderly item-by-item justification it contemplates. *See generally* Doc. 163. *See also* Doc. 117 ¶ 8(A). Instead, White relies on generic citations to Federal Rule of Criminal Procedure 16. *See generally* Doc. 163. Second, nowhere in the Motion does the Defense indicate to whom the "specific request[s] for disclosure [were] made," when such requests were made, and "the proffered reason[s] for denial." Doc. 117 ¶ 8(B); s*ee also generally* Doc. 163. Given this disregard for the Court's Order, the Court will, as contemplated in the discovery Order, summarily **DENY** Defendant's Motion.

## CONCLUSION

This Court will not attempt to resolve a dispute regarding nearly a dozen categories of discovery where the moving party has not adequately described the evidence at issue, the facts of the dispute, the provisions of the Court's Order upon which it relies for each requested item, and the reasons given by the opposing party for refusing each request. Judicial resources are scarce and will not be misspent on work that the local rule has consigned to the Movant.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Discovery [Doc. 163] is **DENIED.**

Dated this 1st day of October, 2015.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE

3